UNITED STATES of America, Plaintiff,

v.

Fadi KHALIFE, Defendant.

Crim. No. 93–CR–81226–DT.
Civ. No. 96–CV–72930–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 15, 1997.

 

Robert P. Cares, Asst. U.S. Atty., Detroit, MI, for plaintiff.

William W. Swor, Detroit, MI, for defendant.

### OPINION

DUGGAN, District Judge.

This matter is before the Court on defendant's motion for relief pursuant to 28 U.S.C. § 2255. The essence of defendant's claim for relief is that he was denied effective assistance of counsel at the time of sentencing and because of such ineffective assistance of counsel, defendant was sentenced to a greater term of imprisonment than he would have received, had counsel provided him with the effective assistance of counsel to which he was entitled.

On August 1, 1995, defendant pled guilty to a charge of money laundering (Count 18) and a charge of conspiracy, failure to report cash (Count 20). The plea to these two counts was pursuant to a Rule 11 plea agreement which provided that "any sentence of imprisonment shall not exceed 51 months." The government and defendant agreed that the applicable guideline range was 46–57 months. On May 2, 1996, this Court sentenced defendant to a term of 46 months.

Prior to sentencing, defendant, through his prior counsel, requested that this Court depart downward from the bottom of the guideline range, i.e., 46 months, based on defendant's cooperation and assistance, which defendant contended he provided the government and which he believed justified a downward departure. In support of his claim that the Court should grant a downward departure, defendant cites *Wade v. U.S.*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The issue relating to defendant's belief that he was entitled to a downward departure was extensively briefed and argued by counsel for defendant. The government opposed any downward departure based on defendant's assistance and cooperation because:

(1) the departure based on substantial assistance and cooperation can only be granted pursuant to a government motion made under Guideline 5K1.1 and the government did not, and would not, make such motion; and

(2) defendant had not provided substantial assistance warranting any downward departure and, according to the government, defendant was not truthful in providing information to the government.

After reviewing the briefs and hearing arguments, the Court rejected defendant's request for a downward departure based on his assistance and cooperation. Defendant's reliance on *Wade v. U.S., supra,* is misplaced.

In *Wade,* the Supreme Court stated:

[W]e agree, that a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce. Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.

It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.

*Id.* 504 U.S. at 185–86, 112 S.Ct. at 1843–44 (citations omitted).

■ Defendant did not assert any "unconstitutional motive" as the basis for the government's decision not to request a downward departure under Guideline 5K1.1. Therefore *Wade* does not provide support for defendant's request for a downward departure.

Defendant now seeks relief pursuant to 28 U.S.C. § 2255 asserting that the legal representation provided by prior counsel was ineffective and, but for such ineffective assistance of counsel, it is reasonably probable that defendant would have received a lower sentence.

Defendant acknowledges that in order to prevail on his § 2255 motion, he must establish that he was prejudiced by ineffective assistance of counsel.

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir.1994).

The first thing a petitioner must show under the *Strickland* test is deficiency in defense counsel's performance. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *O'Hara,* 24 F.3d at 828. In reviewing counsel's performance, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

The second prong of the *Strickland* test is the requirement that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Even though *Strickland* considers whether the outcome would be affected, the Court in *Lockhart v. Fretwell,* 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993), clarified that:

an analysis focussing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Id.* (citation and footnote omitted).

In support of his claim that he has met the first prong of *Strickland,* i.e., that counsel was not functioning as the counsel guaran-

teed under the sixth amendment, defendant asserts that the record will establish that:

(1) prior counsel was not experienced in matters relating to the sentencing guidelines, and that he did not possess adequate knowledge of the guidelines and the law interpreting the guidelines; and

(2) because of such lack of knowledge, prior counsel failed to argue or assert any basis for a downward departure other than his request for a departure based on defendant's assistance and cooperation; and

(3) prior counsel did not adequately present arguments in support of the request for a downward departure based on defendant's assistance and cooperation.

In support of his claim that he has met the second prong of *Strickland,* i.e., that defendant was prejudiced by such inadequate representation, defendant refers to statements made by this Court at the time of sentencing that reflected this Court's belief that the "guideline range . . . is higher than it should be." And that absent legal reasons to depart, the Court was compelled to sentence within the guideline range. The Court also indicated that if it "had greater flexibility", it would "probably impose a sentence less than the minimum of the guideline range," but that there were "no legal reasons to depart." (Tr. 5/1/96: 151).

Defendant interprets the Court's comments as an indication that had defense counsel presented the Court with other reasons to depart (or more adequately argued the asserted basis for departure, i.e., defendant's assistance and cooperation) it is reasonably probable that the Court would have imposed a sentence below the 46-month minimum guideline range.

■ Defendant's interpretation of this Court's comment is incorrect. The Court was simply expressing its view in this case, as it has in others, that there are times when the guideline range as established by Con-

gress, results in the Court being obligated to impose a sentence greater than the Court believes is appropriate, and greater than the Court would impose, but for the constraint of the guidelines.[1] The Court was not indicating that it believed that there were any legal reasons to depart which were not being asserted on behalf of defendant. While the transcript of the hearing of May 1, 1996 will reveal that the Court found no merit in the arguments being offered by defense counsel, and that the Court was aware that the guidelines set forth bases for downward departures which were not being asserted by defense counsel, the Court was not suggesting that it believed that any basis for a downward departure existed which was not being asserted by defendant, e.g., pursuant to 5K2.0.

■ While this Court does not believe that prior counsel was as knowledgeable about the guidelines as many of those attorneys who regularly appear before this Court representing criminal defendants, this Court does not believe his lack of familiarity resulted in any prejudice to the defendant.

■ It was apparent to this Court that defendant and counsel believed that defendant would and should receive some "consideration" at the time of sentencing for the assistance and cooperation that defendant believed he had provided. While it may now appear to present counsel (now that the Court has rejected "substantial assistance" as a basis for a departure) that defendant should have also argued alternative bases for departure, this Court does not believe that counsel's failure to argue alternative bases constituted ineffective assistance of counsel. In this Court's opinion, it is often sound strategy, where a defendant believes he has a strong basis for departure to focus on that "strong basis" and not also include alternative bases which in counsel's opinion are comparatively weaker. While it is certainly proper to argue alternative bases, the Court also recognizes that many counsel believe

---

1. By indicating that, but for the guideline range, the Court would have imposed a lower sentence, the Court does not mean to suggest that a substantial term of imprisonment was not warranted. At the time of his plea, defendant admitted that by engaging in the "money laundering" transaction, he knew that the cash he was receiving was proceeds of cocaine trafficking and that by his conduct he would be assisting an individual "in promoting or carrying on his business, which was cocaine trafficking." (Guilty Plea Tr., August 1, 1995.)

that the "credibility" or persuasiveness of the best argument for departure is somewhat diminished by also attempting to argue grounds for departure which counsel may not believe have much merit. This Court does not believe that prior counsel provided ineffective assistance of counsel by failing to assert grounds for departure other than that based on defendant's assistance and cooperation. Nor does this Court agree with defendant's position that counsel's failure to present a stronger argument for departure based on defendant's cooperation and assistance constituted ineffective assistance of counsel.

■ With respect to defendant's argument that counsel could have presented a stronger argument for departure based on defendant's assistance and cooperation, this Court is not persuaded that any stronger argument could have been made which would have persuaded this court to rule differently. The issue was extensively briefed and argued, and the Court believed it was familiar with the law relating to the issue being argued. As the transcript of the hearing of May 1, 1996 reveals, counsel vigorously presented defendant's case that defendant was entitled to a downward departure because of his substantial assistance and cooperation, arguing both that the government acted in bad faith because it induced defendant to provide cooperation and assistance with the expectation that he would receive consideration at the time of sentencing, i.e., the government would request the Court to give a lower sentence because of his substantial assistance and cooperation, and that the government reneged on its promise.

Counsel's failure to persuade this Court that defendant was entitled to a downward departure because the government had either acted in "bad faith" or reneged on its promise, was not based on any ineffective assistance of counsel. It was based on the fact that the testimony elicited at the hearing substantiated the government's claim that:

(1) it never promised to make a 5K1 motion; and

(2) defendant had not "fully cooperated" as required by the government.

■ Defendant did produce evidence which supported his claim that he provided "cooperation and assistance", and, for the purpose of this motion, such assistance might be interpreted by some as "substantial." However, because 5K1.1 requires that the government make the motion, it is the government, *not the defendant,* who determines whether or not the cooperation and assistance (even if "substantial") is sufficient to warrant the government asking this Court to depart downwards.

The evidence presented at the hearing established that Assistant U.S. Attorney Robert Cares did not believe that defendant was "fully cooperating" because Mr. Cares did not believe he was being truthful. Agent Lisa Steinbach also testified that she did not believe that defendant was being truthful and the record reflects some of the reasons why Mr. Cares and Ms. Steinbach did not believe defendant was being truthful. Clearly, under those circumstances, the government was not obligated to make a 5K1.1 motion.

A defendant has no *right* to require that the government make a 5K1.1 motion; and even if such motion is made, a defendant has no *right* to a departure based on his cooperation and assistance. The decision, in the first instance, as to whether or not to make such a motion rests with the government. It is the government who should evaluate the cooperation and assistance and determine whether or not it believes such assistance and cooperation warrants making a motion under 5K1.1. It is then for the Court to determine whether or not it believes that the "substantial assistance" given warrants any departure.[2]

Furthermore, defendant has presented nothing in this § 2255 motion with respect to the issue of defendant's right to a departure based on his "assistance and cooperation" that was not considered by the Court at the time of sentencing, or that persuades this Court that defendant is entitled to a departure based on his "assistance and cooperation."

**2.** "[I]n § 3553(e) and § 5K1.1, the condition limiting the Court's authority gives the government a power, not a duty, to file a motion when a

defendant has substantially assisted." *Wade,* 504 U.S. at 185, 112 S.Ct. at 1843.

■ With respect to defendant's claim that prior counsel failed to assert and argue other bases for departure, i.e., departures pursuant to 5K2.0, defendant has not presented this Court with any argument that would persuade this Court that it should grant a departure under 5K2.0. Defendant argues that amendments to the sentencing guidelines proposed by the Commission in May of 1995 (but which were ultimately rejected by Congress) provided an alternative basis for departure under 5K2.0. Defendant believes that because the Commission proposed amendments to the guideline, this Court can conclude that there exists departure factors which were not adequately considered by the Commission when the guidelines for money laundering were adopted. Defendant argues that the more appropriate guidelines "are the fraud guidelines, which were ... recognized as being more closely aligned with the seriousness of the offense as it occurred." (Def.'s Reply, p. 18). This Court disagrees. In this case, defendant clearly acknowledged that he understood that he was knowingly promoting and assisting in the trafficking of cocaine. *(See, supra, note 1)*. Defendant has presented no argument which, had it been asserted at the time of sentencing, would have resulted in this Court granting a downward departure pursuant to Guideline 5K2.0.

In this Court's opinion, the motion and the files and records of this case, including the transcript of the evidentiary hearing of May 1, 1996, conclusively satisfy this Court that defendant is entitled to no relief, and therefore, no further evidentiary hearing is necessary.

For the reasons set forth above, defendant's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

An Order consistent with this Opinion shall issue.